## COLON v. HEBBARD et al.

(Supreme Court, Special Term, Kings County. May 25, 1907.)

1. TRIAL—ACTION AT LAW—TRIAL BY COURT.

Where an action at law is brought to recover a deposit of money, the case must be sent to the Trial Term, unless counsel agree that the court may dispose of the same.

2. PAYMENT—RECOVERY—DURESS—FRAUD.

Plaintiff was convicted of abandonment of his wife, and ordered to pay a certain sum weekly and to find sureties to secure the payment. Being unable so to do, he deposited the necessary sum with certain public officials. Thereafter it appeared that at the time of his marriage his wife had been divorced and forbidden to marry again during the lifetime of her first husband, and that at the time of the alleged marriage to plaintiff and at the trial of the action for abandonment the first husband was still alive. *Held*, that plaintiff was entitled to a judgment for the actual balance remaining undisturbed on deposit.

Action by Frank Colon against Robert W. Hebbard, as commissioner of public charities of the city of New York, and others. Judgment for plaintiff.

The action was brought to obtain the return of a deposit of $338. and for an injunction prohibiting the payment of any part of said deposit to the defendant Rena Colon; and the material facts alleged and proved were as follows: On the 26th of May, 1906, the defendant Rena Colon applied to the City Magistrates' Court of the city of New York, borough of Manhattan, First division, Seventh district, for a warrant for the arrest of plaintiff, upon the ground that he was her husband and had abandoned her without adequate means of support, and that she was in danger of becoming a burden upon the public, and that plaintiff was a disorderly person. Her application was granted, and a warrant for plaintiff's arrest was issued on the 26th of May, 1906, and thereafter plaintiff was apprehended and placed in prison, and was compelled to give answer to such charge before City Magistrate Joseph Poole, who tried the same on the 30th of May, 1906, and found true the charges of said defendant Rena Colon, and ordered plaintiff to pay said defendant $6.50 per week for the support of said defendant. and to find sureties in the sum of $338 for obedience to said order, and, in default, to stand committed to the city prison for a term not to exceed six months. Plaintiff could not find sureties, and, being given time for that purpose, obtained and deposited with the defendants Hebbard (commissioner of public charities) and Meeks (superintendent of the department of public charities) the sum of $338, on the 16th of June, 1906, in lieu of such security.

Plaintiff had entered into a form of marriage ceremony with the defendant Rena Colon at Troy, N. Y., on the 24th of November, 1904, believing that said defendant, who had been theretofore married, had divorced her husband and was free to marry. He so believed at the time of his trial before Magistrate Poole, and until the 8th of June, 1906, some days before the making of the said deposit. He then ascertained for the first time that said Rena Colon had been lawfully married on the 17th of May, 1893, to Archie R. Howell, who thereafter, on the 31st of July, 1903, in an action in the Supreme Court, Suffolk county, obtained a final judgment of absolute divorce against said defendant Rena Colon because of her adultery, dissolving the marriage and forbidding said defendant Rena Colon to marry again during the lifetime of said Archie R. Howell, who was living at the time of the alleged marriage to plaintiff and at the time of the trial of this action. Plaintiff, upon learning these new facts, endeavored, without success, to obtain a new trial in the Magistrates' Court or to vacate said order. There was no provision of law under which he could secure such relief, and an appeal would not avail him, as the record would not contain the new facts. Demand was made upon the defendants Hebbard and Meeks for the return of the deposit of $338. but with this they refused to comply.

Thereupon the plaintiff brought this action, and obtained and served, on the 27th of June, 1906, upon all the defendants, an injunction forbidding the use of said money for the purpose for which it was deposited or any other purpose; and said injunction was in force during the pendency of the action, and the moneys remained on deposit with the defendants Meeks and Hebbard. It was admitted that plaintiff had no remedy in the Magistrates' Court. The defendant Colon, though duly served with the summons, complaint, injunction, and affidavits, did not appear, answer, or demur, and was in default at the time of the trial.

Francis B. Mullin, for plaintiff.
William B. Ellison, Corp. Counsel (Michael J. Kelly, of counsel), for defendants Hebbard and Meeks.

CARR, J. Unless counsel agree that I may dispose of this case as an action at law, I must send it to the Trial Term. The facts disclosed might justify equitable relief under a proper pleading, but the case comes before me in a shape which makes it wholly one of law. On the facts disclosed on the trial this plaintiff should get back his money, as having been paid under the duress of a judicial order procured by fraudulent statement of facts which were absolutely essen-

tial to the order of the city magistrate. The defendants Hebbard and Meeks are trustees of this fund, not as public officers, but as individuals. There is no provision of statute which imposes on them any duty in the premises. As individuals they will be protected by any judgment in this action, as all the necessary parties are before the court. Unless, however, through their counsel, they consent to waive a jury trial, I cannot dispose of it over their objection on that ground.

If counsel cannot get together on this point, let an order be presented sending the case to the general calendar of the Trial Term.

The stipulation aforesaid having been furnished, the following was filed:

CARR, J. On the stipulation of counsel waiving a jury trial, judgment will be granted to the plaintiff for the actual balance remaining undisbursed, but without costs. Settle findings.

Judgment accordingly.